[670 NYS2d 866]

In the Matter of DAVID H. PERLMAN, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, March 30, 1998

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset (*Sharon M. J. Commissiong* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn, for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition contains five charges of professional misconduct against the respondent regarding, *inter alia,* his conversion of funds belonging to a client. Charge Two was withdrawn at the hearing. After four days of hearings, the Special Referee sustained the remaining four charges. After the reopened hearing on April 16, 1997, the Special Referee submitted a revised report dated June 16, 1997, in which he found no evidence to show a record of deposits and withdrawals to and from the respondent's escrow account which could, in some respect, explain the reason for the balance falling below the amount required to be held. The Special Referee again sustained all four charges. The Grievance Committee moves to confirm the Special Referee's revised report and the respondent cross-moves to disaffirm the revised report to the extent that the Special Referee sustained Charges One and Four.

Charge One alleges that the respondent converted funds belonging to a client, Chet Auerbach, in violation of Code of Professional Responsibility DR 9-102 and DR 1-102 (A) (8) (22 NYCRR 1200.46, 1200.3 [a] [8]).

The respondent was retained on or about July 11, 1986, to represent his client in a personal injury action. The respondent commenced an action on that client's behalf in the Supreme Court, Kings County, on or about June 9, 1987. The respondent settled the action with the defendants for $55,000 in October 1991. In an effort to facilitate settlement, the respondent and his client agreed that the client would be entitled to $40,000 from the settlement proceeds and that the respondent would be entitled to $15,000 as his legal fee. A $55,000 check in full settlement of the client's action was deposited in the respondent's escrow account on or about October 31, 1991. The respondent paid his client $30,000 of the settlement proceeds on or about December 11, 1991, and continued to hold the remaining $10,000 in escrow pending payment of outstanding physicians' liens. The client instructed the respondent not to pay any physicians' liens unless he specifically authorized the payment. The respondent paid the client an additional $6,000

from the settlement proceeds on or about July 29, 1992, and, with the client's authorization, paid a $150 lien on his behalf on or about November 2, 1992. At that time, the respondent held $3,850 in his escrow account on the client's behalf.

Without making any further payments to or on behalf of the client, the respondent allowed the balance in his escrow account to fall below $3,850. On or about July 22, 1993, the balance dropped to −$886.79 and on or about January 3, 1994, the balance was $2,589.81.

On or about March 8, 1994, the respondent paid a lien with the client's authorization, in the amount of $1,811. Without the client's authorization, the respondent paid the last remaining lien, in the amount of $420, on or about November 3, 1995. The respondent thereafter paid the client $1,619, the remaining amount due him. The respondent filed his closing statement on December 1, 1995.

Charge Three alleges that the respondent failed to timely file a closing statement with the Office of Court Administration, in violation of 22 NYCRR 691.20 (b) (1) and Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Four alleges that the respondent withdrew a portion of his fee from settlement proceeds held in escrow before making any payment to his client, in violation of 22 NYCRR 691.20 (d) (1) and Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). On or about November 13, 1991, before any payment had been made to the client, the balance of the respondent's escrow account fell below $55,000.

Charge Five alleges that the respondent failed to comply with the Grievance Committee's lawful demands during its investigation of the present matter, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Grievance Counsel sent the respondent a letter, dated December 8, 1993, requesting an answer to the Auerbach complaint. In view of the respondent's failure to respond, Grievance Counsel sent the respondent a certified letter dated February 3, 1994, requesting an answer within 10 days and advising him that his failure to cooperate with the investigation of this matter could, in and of itself, constitute professional misconduct. The respondent did submit an answer to that letter some five days late.

The respondent failed to respond to Grievance Counsel's letter, dated May 20, 1994, requesting further information and documentation.

Based on the evidence adduced, the Special Referee properly sustained Charges One, Three, Four, and Five. The Grievance Committee's motion to confirm is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his assertions that he never withdrew cash from his escrow account and never issued a check to an improper party or to a personal creditor. The respondent points out that he had no pressing financial obligations or crises which could have prompted him to use client funds and insists that the shortfalls in his escrow account occurred because his bank, without notice, applied a debit against his account.

Notwithstanding the respondent's contentions, he has provided no reasonable explanation or proof that the two negative balances were the result of bank error. The former bank officer who testified on the respondent's behalf admittedly had no personal knowledge regarding the debt, could not prove a relationship between the debited funds and the funds required to be held by the respondent on behalf of his client, and could not testify, or in any way show that the debit had been made in error. As an attorney, the respondent was entrusted with a fiduciary obligation to hold and preserve his client's money. He failed in that regard.

Under the totality of circumstances, the respondent is suspended for five years.

BRACKEN, J. P., ROSENBLATT, MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, David H. Perlman, is suspended from the practice of law for a period of five years, commencing April 30, 1998, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, David H. Perlman, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.