■ In the Matter of DAVID H. PERLMAN, a Suspended Attorney. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner; DAVID H. PERLMAN, Respondent. [702 NYS2d 309] —Renewed motion by the respondent for reargument of a proceeding to discipline him for professional misconduct which was determined by opinion and order of this Court, dated March 30, 1998 (241 AD2d 203), suspending him from the practice of law for five years, commencing April 30, 1998, and upon reargument, modifying the discipline imposed. By decision and order on motion of this Court, dated April 29, 1998, the effective date of the respondent's suspension was extended until May 29, 1998. By decision and order on motion dated June 1, 1998, the respondent's prior motion for reargument was denied. The respondent was admitted to the practice of law at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 23, 1964.

Upon the papers filed in support of the motion and the papers submitted in opposition thereto, it is

Ordered that the renewed motion is granted and, upon reargument, the second decretal paragraph of this Court's opinion and order, dated March 30, 1998, directing that the respondent be suspended from the practice of law for five years is vacated and the following decretal paragraph is substituted therefor:

"Ordered that the respondent David H. Perlman is suspended from the practice of law for a period of two years, commencing May 29, 1998, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement

no sooner than six months before the expiration of that period upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,".

The granting of reargument in this case is predicated upon the respondent's acknowledgment of his negligence in the management of his escrow account and his failure to review bank statements, the absence of any personal benefit to the respondent from any of the irregularities in his escrow account, the absence of any intent to deprive clients of funds due them, the fact that there was no evidence that any funds were issued to an improper party or a personal creditor, and the fact that all clients received the funds due them. Bracken, J. P., O'Brien, Ritter, Santucci and S. Miller, JJ., concur.